MARY K. ERICKSON, Plaintiff-Appellee, *v.* RICHARD J. GILDEN, Defendant and Cross-Defendant-Appellee.—(DONALD J. KINGSTON, Defendant and Cross-Plaintiff-Appellant.)

Second District   No. 78-473

Opinion filed September 21, 1979.

Scott G. Ridge, of Donald Ridge Law Offices, of Waukegan, for appellant.

Richard J. Smith, of Sullivan, Smith & Hauser, of Waukegan, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Donald J. Kingston, appeals from the dismissal of his third-party complaint in which he sought contribution from Richard J. Gilden, co-defendant and an alleged joint tortfeasor.

For the purposes of this appeal, as this case comes before us solely on the pleadings, we accept as true the facts as alleged in the third-party complaint (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790), which incorporates by reference the facts as stated in plaintiff's original complaint.

The facts need be only briefly summarized. An automobile collision on March 27, 1978, gave rise to the original complaint filed in this case. The car driven by plaintiff, Mary K. Erickson, had been northbound on Red Oak Lane in Northbrook, Illinois, and had stopped in obedience to a traffic signal at the intersection of that street and Lake-Cook Road. The car driven by Gilden, eastbound on Lake-Cook Road, was making a left-hand turn onto Red Oak Road when it collided with the westbound car driven by Kingston on Lake-Cook Road. As a result of that initial

collision the Gilden car was pushed into the Erickson car, resulting in the personal injuries for the recovery of which plaintiff brings this action. The original complaint named the two defendants in separate counts which alleged each defendant was negligent and had violated section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601). Kingston thereafter filed his answer and third-party complaint against Gilden seeking from Gilden "equitable indemnification or contribution for any and all amounts which Donald J. Kingston may be held liable to plaintiff in this action * * *." The third-party complaint was dismissed with prejudice by the trial court on the ground that it failed to state a cause of action because joint tortfeasors were not entitled to contribution from each other under Illinois law.

This court must decide whether by virtue of the rule recently enunciated in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1978), 70 Ill. 2d 1, 374 N.E.2d 437, and two companion cases, *Stevens v. Silver Manufacturing Corp.* (1978), 70 Ill. 2d 41, 374 N.E.2d 455, and *Robinson v. International Harvester Co.* (1978), 70 Ill. 2d 47, 374 N.E.2d 458, joint tortfeasors are now entitled to seek contribution between themselves for damages arising in an action at law based on negligence.

■■ As a preliminary matter we find it to be clear, presuming the factual allegations of the complaint to be true, that the two defendants in the present case are indeed joint tortfeasors. While they did not act in concert and shared no common purpose, their actions were nonetheless concurrent and resulted in indivisible injury to the plaintiff. Indivisibility of the resultant injury is the test of jointness. *Storen v. City of Chicago* (1940), 373 Ill. 530, 533, 27 N.E.2d 53, 55; see *Gertz v. Campbell* (1973), 55 Ill. 2d 84, 89, 302 N.E.2d 40, 43.

It must also be noted that inasmuch as the cause of action in the present case arose out of an incident occurring after March 1, 1978, it falls within the prospective application of the *Skinner-Stevens-Robinson* trilogy. (See *Skinner*, 70 Ill. 2d 1, 16-17, 374 N.E.2d 437, 444.) Further, as the parties raise no issue as to the adequacy of the pleadings, before us, we will not further consider them in that regard.

Applying the analysis of the majority in *Skinner* to the facts of this case, we conclude that the third-party complaint states a cause of action for contribution.

In tracing the stumbling history of the prohibition against contribution from *Merryweather v. Nixan* (1799), 101 Eng. Rep. 1337, 8 Term R. 186, to *Skinner*, our supreme court referred to an early Illinois decision, *Farwell v. Becker* (1889), 129 Ill. 261, 21 N.E. 792, wherein that court had held the ban on contribution among tortfeasors was confined to intentional wrongdoers. The court in *Skinner* further stated:

"We are of the opinion that there is no valid reason for the continued existence of the no-contribution rule and many compelling arguments against it. We agree with Dean Prosser that '[t]here is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone, according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer, while the latter goes scot free.' Prosser, Torts sec. 50, at 307 (4th ed. 1971)." *Skinner*, 70 Ill. 2d 1, 13, 374 N.E.2d 437, 442.

The court rejected the argument that abolition of the no-contribution rule is such a substantial change in the fabric of tort law that it would be best left to the General Assembly, noting that a court-created rule or doctrine which is unsound and unjust may be abolished by the court.[1] 70 Ill. 2d 1, 13-14, 374 N.E.2d 437, 442.

The court stated in unequivocal terms that the no-contribution rule is "unsound and unjust" (70 Ill. 2d 1, 13, 374 N.E.2d 437, 442), and proceeded from that broad premise to its narrower holding in the cases before it which permitted the manufacturer contribution "based on the relative degree to which the defective product and the employer's misuse of the product or its assumption of the risk contributed to cause plaintiff's injuries." (70 Ill. 2d 1, 16, 374 N.E.2d 437, 443.) While we recognize that the court struck down the bar against contribution between joint tortfeasors in the context of actions sounding in strict liability in tort, its discussion of the relevant policy considerations was general and did not limit abrogation of the rule to such cases. It would seem incongruous to us that the supreme court would abolish the rule in the difficult and problematic context of strict liability and workmen's compensation (see, *e.g.*, dissent by Justice Dooley, *Skinner*, 70 Ill. 2d 1, 22, 374 N.E.2d 437, 446), and yet intend to preserve the rule in an ordinary negligence case. We find no basis for such a conclusion as we understand *Skinner* and its companion cases.

We find, therefore, that the third-party complaint in this case states a cause of action for contribution as, in our view, the *Skinner-Stevens-Robinson* trilogy compels the conclusion that the rule barring contribution has been abolished in negligence as well as in strict liability actions.

---

[1] We note that Senate Bill 308 entitled "An Act in relation to contribution among joint tort feasors," has been passed by the General Assembly and was approved by the Governor September 14, 1979. It provides generally for a right of contribution between joint tortfeasors without limitation as to the type of action in which it may arise, and applies to actions arising on or after March 1, 1978, as does the rule announced in *Skinner*.

See *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 169, 390 N.E.2d 859, 866.

For these reasons the judgment of the Circuit Court of Lake County dismissing the third-party complaint is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GUILD, P. J., and WOODWARD, J., concur.