OLD SECOND NATIONAL BANK OF AURORA, ILLINOIS, Ancillary Guardian of the Estate of Peggy Ann Franks, a Minor, Plaintiff, *v.* BYNAL PRODUCTS, INC., Defendant and Third-Party Plaintiff-Appellant.—(FOX VALLEY DISPOSAL COMPANY *et al.*, Third-Party Defendants-Appellees.)

Second District   No. 78-474

Opinion filed December 7, 1979.

John E. Guy and Thomas M. Knepper, both of Abramson & Fox, of Chicago, for appellant.

Robert F. Casey, George Krippner, Gates W. Clancy, and James S. Mills, all of Geneva, and Schaffenegger, Watson & Peterson, of Chicago, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Bynal Products, Inc. (Bynal), a manufacturer of trash containers, appeals from the dismissal of a third-party complaint it had brought against Fox Valley Disposal Company and Mooseheart, Inc., owner and user, respectively, of one of Bynal's containers.

The container had been furnished to the Mooseheart orphanage as part of a scavenger service rendered to it by Fox Valley Disposal, and was located outdoors near a playground. On April 13, 1974, Peggy Ann Franks, a 7-year-old Mooseheart resident, swung on the projecting handles or trunions of the trash container while playing whereupon it overturned and injured her severely. Plaintiff, the Old Second National Bank of Aurora, as Peggy Ann Frank's guardian, brought the underlying action against defendant Bynal based upon a theory of strict liability in tort alleging the container was defectively designed and dangerous because when filled with trash it became top-heavy and could easily be upset.

Bynal filed its third-party complaint on February 9, 1978, seeking from Fox Valley Disposal and Mooseheart, on alternative theories, contribution, indemnity or "equitable recovery" for any judgment which might be entered against Bynal in the principal action. That complaint was dismissed by the trial court as to both third-party defendants on May 23, 1978. Trial of the underlying action proceeded, and a verdict of $70,000 was returned against Bynal, which was reduced by remittitur to $40,000. Bynal does not now appeal from the judgment in the underlying action.

On appeal Bynal contends that a manufacturer is entitled to relief against those who misuse its product and seeks to distinguish those decisions which consistently denied "downstream" indemnity to

manufacturers of defective products by differentiating between manufacturing and design defects. It offers no supporting authority but argues that where a design defect is alleged and the immediate cause of injury was an unforeseen misuse of the product, equity requires granting such relief to the manufacturer.

Bynal further asserts that the application of *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, and its companion cases *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 374 N.E.2d 455, and *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47, 374 N.E.2d 458, cannot constitutionally be limited to causes of action arising out of occurrences on or after March 1, 1978, as they hold; rather, the principle set out in those decisions must apply to causes of action "maturing" after that date and include the present case. Bynal stresses that its container was designed for indoor industrial or commercial use and that it had no knowledge of, nor any opportunity to protect itself against, the misplacement and misuse of the container by Fox Valley Disposal and Mooseheart.

■■ ■ We find no basis in logic or the relevant case law for Bynal's attempted distinction between design and other defects in this regard. Prior decisions have not made the distinction. (*E.g., Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516; and *Vassolo v. Comet Industries, Inc.* (1975), 35 Ill. App. 3d 41, 341 N.E.2d 54.) Until the *Skinner* trilogy there could be no third-party action for contribution or indemnity in favor of a strictly liable manufacturer of a defective product against a subsequent user of the product. (*Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill. App. 3d 996, 309 N.E.2d 104.) That principle was modified by *Skinner*, but only for prospective application.

Bynal contends it must be allowed to seek contribution, arguing that to preclude *Skinner* from applying to liabilities, rather than events, arising on or after March 1, 1978, would be unconstitutional. Citing no authority for its position, Bynal characterizes *Skinner* as recognizing a pre-existing equitable right, the extinguishment of which would be unconstitutional. We do not agree. Our supreme court in no uncertain terms limited the prospective application of Skinner to "causes of action arising out of occurrences on and after March 1, 1978." (*Skinner*, 70 Ill. 2d 1, 17, 374 N.E.2d 437, 444.) Such a limitation is sound, for where a new potential liability in tort is created, or liability is extended to a new class of persons, the rights of litigants and the needs of the judicial system are better served by application of that new rule of law only to the case then at bar and to future occurrences. (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 26-29, 163 N.E.2d 89, 96-98; *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 367 N.E.2d 1250.) In such

circumstances constitutional implications do not arise. See *Molitor*, 18 Ill. 2d 11, 28, 163 N.E.2d 89, 97.

■■ Bynal cites no authority and alleges no facts which would support its alternative demand for "equitable recovery." Equitable apportionment has been allowed in a context of independent and successive torts (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40); however, Bynal cannot here be other than a joint tortfeasor in view of the indivisible nature of the injury suffered by Peggy Ann Franks. (See *Gertz v.Campbell; Storen v. City of Chicago* (1940), 373 Ill. 530, 533, 27 N.E.2d 53, 55; *Erickson v. Gilden* (1979), 76 Ill. App. 3d 218, 394 N.E.2d 1076.) Bynal's status as a joint tortfeasor, together with the prospective-only application of *Skinner*, makes this an inappropriate case for equitable apportionment.

The judgment of the Circuit Court of Kane County dismissing appellant's third-party complaint is therefore affirmed in all respects.

Affirmed.

SEIDENFELD and WOODWARD, JJ., concur.