VERSON ALLSTEEL PRESS COMPANY, Plaintiff-Appellant, *v.* MAJOR SPRING & MANUFACTURING COMPANY, Defendant.—(GRAND SHEET METAL PRODUCTS, Defendant-Appellee.)

First District (2nd Division)    No. 81-780

Opinion filed March 30, 1982.—Rehearing denied April 28, 1982.

Lord, Bissell & Brook, of Chicago (C. Roy Peterson and Hugh C. Griffin, of counsel), for appellant.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll and Donald E. Stellato, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:
Plaintiff Verson Allsteel Press Company (Verson) sued Major Spring & Manufacturing Company (Major) and Grand Sheet Metal Products (GSM) to recover the loss Verson incurred in paying a tort judgment. The trial court dismissed the count against GSM. Verson has filed this interlocutory appeal pursuant to Supreme Court Rule 304(a).

This action arises out of an injury that occurred on October 12, 1972. John Smith, an employee of GSM, was injured when his hands were caught in a press brake (a sheet metal stamping machine). The accident occurred when a brake spring broke and the machine began stamping while Smith's hands were still between the dies. Verson manufactured the press brake; Major had supplied Verson with the spring that broke. Smith successfully sued Verson and Major. The jury awarded Smith $800,000. This court affirmed the judgment in *Smith v. Verson Allsteel Press Co.* (1979), 74 Ill. App. 3d 818, 393 N.E.2d 598.

Subsequent to the judgment in Smith's lawsuit, Major and Smith executed a loan agreement and Major paid Smith $250,000. On appeal, this court found that the loan agreement was void and held that the $250,000 would be considered a partial satisfaction of the judgment

against Verson and Major. On January 14, 1980, Verson paid Smith $550,000 plus interest (a total of $642,125) in full satisfaction of the judgment. In the case at bar, Verson has named Major in two counts of its complaint. The first count seeks common law indemnity from Major and the second count claims contribution pursuant to "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*). In count III of the complaint, Verson has named GSM in a claim for contribution under the same statute. In the trial court, GSM moved to dismiss count III, arguing that the cited statute does not apply because the underlying tort occurred in 1972. The trial court agreed and dismissed count III. Verson appeals. Counts I and II against Major remain pending in the trial court.

The trial court relied on section 1 of "An Act in relation to contribution among joint tortfeasors," which states, "This Act applies to causes of action arising on or after March 1, 1978." (Ill. Rev. Stat. 1979, ch. 70, par. 301.) Verson argues that a cause of action for contribution arises when the judgment is paid and that the instant action comes within the statute because Verson paid the judgment in 1980. GSM contends that "causes of action arising on or after March 1, 1978," refers to occurrences giving rise to claims for contribution. GSM also argues that the statute must be read with reference to our supreme court's opinion in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, and the related cases announced the same day. (*Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 374 N.E.2d 455; *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47, 374 N.E.2d 458.) In *Skinner*, our supreme court announced that contribution among joint tortfeasors, based on comparative fault, is now allowable in this State. In a supplemental opinion on denial of rehearing, the court considered the question of retroactivity of the newly announced rule. The court said:

"We have considered the arguments and have unanimously concluded that * * * this decision * * * should be prospective in operation. We hold, therefore, that the decisions in this cause, *Stevens v. Silver Manufacturing Co.* [citation], and *Robinson v. International Harvester Co.* [citation], will apply prospectively to causes of action arising out of occurrences on and after March 1, 1978." (70 Ill. 2d 1, 16-17.)

The *Skinner* opinion, as modified, was delivered on March 1, 1978. The statute in question was introduced in the Illinois Legislature as Senate Bill 308 on March 20, 1979. The measure passed and became law on September 14, 1979.

It is apparent that the wording of the statute ("causes of action arising on or after March 1, 1978") parallels the language of *Skinner* except for the omission of three words—"causes of action arising *out of occurrences* on and after March 1, 1978." (Emphasis added.) GSM maintains that the

difference is inconsequential. Verson argues that the discrepancy shows a conscious effort on the part of the legislature to expand the applicability of the rule announced in *Skinner*. We note that several courts have observed the similarity of dates and, without analysis, have concluded that the applicability of the statute is co-extensive with that of *Skinner*. (See *Harris Trust & Savings Bank v. Ali* (1981), 100 Ill. App. 3d 1, 13, 425 N.E.2d 1359; *Mazanek v. Rockford Drop Forge Co.* (1981), 98 Ill. App. 3d 956, 960 n.1, 424 N.E.2d 1271; *Jackson v. Burlington Northern, Inc.* (1980), 84 Ill. App. 3d 967, 970, 405 N.E.2d 805 (Barry, J., dissenting); *Erickson v. Gilden* (1979), 76 Ill. App. 3d 218, 220 n.1, 394 N.E.2d 1076.) Our analysis leads us to the same conclusion.

Verson argues that the plain language of the statute must be given effect. Verson cites cases that, in its opinion, stand for the proposition that a cause of action for contribution "arises" when a judgment or settlement is paid. Reviewing these cases, we do not believe that the law on this point is so clear and settled that the wording of the statute is unambiguous and its meaning plain. Initially, we note that no case cited by Verson uses the word "arise" in connection with "cause of action." The three cases relied on by Verson refer to a cause of action "accruing" or "occurring" when a judgment or settlement is paid. (See *Gibbons v. Nalco Chemical Co.* (1980), 91 Ill. App. 3d 917, 920, 415 N.E.2d 477; *Ozark Airlines, Inc. v. Fairchild-Hiller Corp.* (1979), 71 Ill. App. 3d 637, 638-39, 390 N.E.2d 444; *Chicago, Rock Island & Pacific Ry. Co. v. United States* (7th Cir. 1955), 220 F.2d 939, 942.) It would be overly facile to perfunctorily conclude that there is a clear distinction between when a cause of action "arises" and when it "accrues" and in this way dismiss Verson's contention. Some courts have used "arise" synonymously with "accrue" in this connection. (See *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.* (3d Cir. 1966), 372 F.2d 18, 20, *cert. denied* (1967), 387 U.S. 930, 18 L. Ed. 2d 992, 87 S. Ct. 2053 (applying Pennsylvania law).) Nevertheless, there is reason to believe that the legislature, in using the phrase "causes of action arising," did not intend to adopt case law pertaining to the accrual of indemnity causes of action. First, as noted above, the legislature used a word ("arising") that is not generally used in Illinois cases. Second, and more importantly, the legislature was not codifying existing indemnity case law but was creating a new cause of action that had been unknown in Illinois before *Skinner*. While it is premature at this point to conclude that the statute's wording, "causes of action arising on or after March 1, 1978," clearly refers to underlying torts occurring on or after that date, it is also unwarranted to conclude that the statute's plain and unambiguous meaning is the one advanced by Verson. The matter is sufficiently unclear to justify resort to aids in construing the statute. *Cf. Illinois Racing Board v. Arlington Park Thoroughbred Race Track Corp.* (1979), 76 Ill. App. 3d 289,

292, 395 N.E.2d 93 (there is no need for construction when statutory language is unambiguous, but where the wording is capable of different interpretations, the statute is construed to give effect to the legislature's intent).

The legislature, in enacting the contribution statute, did not act in a vacuum. The *Skinner* decision wrought a great change in Illinois tort jurisprudence. The opinion was initially released on December 12, 1977; the opinion was modified and the nonretroactivity language added on March 1, 1978. On March 20, 1979, the contribution bill was introduced in the legislature as Senate Bill 308. The bill as introduced amplified but did not depart from the principles announced in *Skinner*. The House sponsor of the bill, Representative Daniels, said of the bill in debate that "this is codifying a supreme court decision," and referred to *Skinner* by name. (Record of Proceedings of the 81st General Assembly, Regular Session, 3d reading in House of S.B. 308 (June 14, 1979).) A statement in debate by Senator Berman, one of the bill's sponsors, clearly indicates an intent to follow *Skinner*.

> "SENATOR MOORE: Senator Berman, could you explain to the Body why we use the March 1, 1978, date?
> PRESIDENT: Senator Berman.
> SENATOR BERMAN: Yes, that's the effective date * * * that the *Skinner* decision went into force * * *." Record of Proceedings of the 81st General Assembly, Regular Session, 3d reading in Senate of S.B. 308 (May 14, 1979).

If we were to adopt the construction of section 301 urged by Verson, the effective date of March 1, 1978, would become wholly arbitrary. If the cause of action for contribution "arises" when a judgment is paid, the statute's compass is far broader than *Skinner*'s and the fact that the statute and the decision designate the same effective date—March 1, 1978—would be meaningless. Given the statute's unquestionable kinship with the *Skinner* decision and given the legislature's expressed intent to follow the case, we hold that the statute applies to causes of action for contribution arising out of torts committed on and after March 1, 1978.

Verson argues that section 14.2 of the Limitations Act supports its position. This section establishes a two-year limitations period for contribution actions with the period running from the time a party seeking contribution makes a payment in excess of its pro-rata share of liability. (Ill. Rev. Stat. 1979, ch. 83, par. 15.2.) This section was enacted as section 6 of Public Act 81-601 (originating as S.B. 308), but the connection does not support Verson's argument. The statute of limitations establishes a time after which the action cannot be brought. The fact that the date of payment is set as the starting point of the two-year period does not mean that the cause of action arises at that time. According to section 5 of the contribution

statute, an action for contribution may be asserted before payment and even before liability is established. (See Ill. Rev. Stat. 1979, ch. 70, par. 305.) It is therefore apparent that something "arises" prior to the time a tortfeasor pays more than his share of a judgment. That "something" has been articulated in an opinion applying the law of Wisconsin, a State that has recognized contribution for many years.

> "The right of contribution between joint tortfeasors arises at the time of the concurring negligent acts. Until one of the joint tortfeasors pays more than his proportionate share of the underlying claim, the right remains contingent, subordinate and inchoate. When a tortfeasor pays more than his proportionate share, the right ripens into a cause of action." (*Minneapolis, St. Paul & Sault Ste. Marie R.R. Co. v. City of Fond du Lac* (7th Cir. 1961), 297 F.2d 583, 585.)

We believe this to be an accurate enunciation of the law. Applying the concepts of the quoted passage, the statute of limitations appropriately runs from the time when the cause of action ripens but the naked right of contribution arises at an earlier time.

Versons's alternative contention on appeal is that our supreme court's recent opinion in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, supports a recovery from GSM under a theory of comparative fault. Unlike *Skinner*, which is only applicable to actions arising from occurrences that post-date the court's opinion, the rule adopted in *Alvis* is applicable to actions coming to *trial* on and after the date of the mandate issued in the case (June 8, 1981). (85 Ill. 2d 1, 28.) By motion, Verson has asked this court for leave to amend its complaint to add a count sounding in comparative negligence. Such leave is discretionary with this court. See Ill. Rev. Stat. 1979, ch. 110A, par. 366(a).

There are several reasons supporting a denial of motion. First, the theory of comparative negligence was not presented or argued in the trial court (although we note that the *Alvis* opinion was released after the instant appeal was filed). Second, Verson's liability to Smith was grounded on a theory of strict liability in tort and no Illinois court has yet applied the principle of comparative negligence to strict liability. (But see *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 24 (Dooley, J., dissenting and arguing that the majority opinion requires balancing negligent conduct against no-fault liability); compare majority opinion in *Daly v. General Motors Corp.* (1978), 20 Cal. 3d 725, 575 P.2d 1162, 144 Cal. Rptr. 380 (applying comparative negligence to strict liability actions) with dissenting opinion of Mosk, J. (excoriating the majority's infusion of negligence into strict liability theory).) The most compelling reason, however, for denying Verson's motion is that we see no reason to extend *Alvis* to a contribution action that is squarely within the realm of

*Skinner* and the contribution statute. Verson is not a contributorily negligent plaintiff seeking redress for an injury caused by GSM's negligence. Verson is, at bottom, a defendant seeking contribution and not a plaintiff seeking compensation. In *Alvis*, the court referred to contribution as a "collateral issue" and stated that the issue had been resolved under the principles of comparative negligence in *Skinner* and in "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*). (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28.) Given the fact that our supreme court considered contribution actions fully provided for by *Skinner* and the statute, it would be anomalous to stretch the rule of *Alvis* to encompass a cause of action barred by *Skinner* and the statute.

In consideration of the foregoing, Verson's motion to amend its complaint is denied and the trial court's dismissal of count III of Verson's complaint is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.