Alan RAGUSA, Plaintiff,

v.

**CITY OF STREATOR, et al.,
Defendants.**

No. 81 C 4887.

United States District Court,
N.D. Illinois, E.D.

Oct. 20, 1982.

Carl W. Telford, Ltd. of the Law Offices of Telford & Driver, LaSalle, Ill., for plaintiff.

Russell R. Eggert and Alan Bruce White, O'Conor, Karaganis & Gail Ltd., Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Alan Ragusa ("Ragusa") has sued the City of Streator, its Chief of Police David Kaschak and police officer William Boehne, seeking damages for civil rights violations under 42 U.S.C. § 1983 ("Section 1983") and for negligence under Illinois law. Both the federal and pendent claims assert Ragusa suffered damage when the individual defendants impounded his 1969 GMC pickup truck and then "refused to complete the proper release forms when duly requested

to do so by [Ragusa]" (Complaint Count I ¶ 4 and Count II ¶ 5 [1]).

Defendants now seek leave under Fed.R. Civ.P. ("Rule") 14(a) to file a third party complaint for contribution against Ragusa's lawyer, Carl Telford ("Telford"). They allege Telford received a duplicate title certificate for Ragusa's truck in January 1980, but negligently failed to furnish that document to defendants or to advise Ragusa of its receipt until September 1980. But for those negligent omissions by Telford, defendants contend, Ragusa's truck would have been released in January 1980, nine months earlier. Hence defendants say Telford should bear a proportionate share of any amount they are adjudged liable to pay Ragusa under Complaint Count II (the pendent count sounding in negligence).

Ragusa resists defendants' effort so to expand this litigation. For the reasons stated in this memorandum opinion and order (and not the reasons relied on by Ragusa), defendants are denied leave to file their proposed third party complaint.

### Contribution and Comparative Negligence

█ Though Rule 14(a) establishes the procedure for bringing in a third party, choice of law rules direct us to Illinois law to determine the substantive propriety of doing so.[2] As 6 Wright & Miller, *Federal Practice and Procedure* § 1448 puts it:

If the governing substantive law recognizes a right of contribution, impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors.

█ During the past five years Illinois joined the ranks of the states recognizing contribution among joint tortfeasors, first by judicial decision (*Skinner v. Reed-Prentice Division Package Machinery Co.,* 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1978)) and then by legislative action. Under Ill.Rev.Stat. ch. 70, § 302:

(a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.

(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability.

*Verson Allsteel Press Co. v. Major Spring & Manufacturing Co.,* 105 Ill.App.3d 419, 61 Ill.Dec. 303, 434 N.E.2d 456 (1st Dist.1982) teaches (consistently with the language of Section 302(b)) that the right of contribution ripens into a cause of action when the tortfeasor pays more than his proportionate share of the underlying claim.

█ That concept is fatal to defendants' motion. It must be remembered that Telford is Ragusa's lawyer and agent, so that any negligence in his nondelivery of the title certificate to defendants is ascribed to Ragusa. Under those circumstances the new Illinois comparative negligence doctrine [3] comes into play—and that doctrine assures that defendants' potential right of contribution will never evolve into a cause of action. As Ragusa urges and defendants concede, the allegations in the proposed third-party complaint, if borne out, would reduce defendants' liability on comparative negligence grounds *to precisely the same extent* that the same negligence charges would entitle defendants to contribution (if

---

**1.** All references to "Complaint" are to Ragusa's Second Amended Complaint.

**2.** Defendants do not seek relief against Telford on Ragusa's Count I federal claim, but solely on

the Illinois-based and Illinois-law-controlled negligence claim under Count II.

**3.** *See Alvis v. Ribar,* 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981).

they were held accountable for plaintiff's entire loss).[4]

Thus any judgment against defendants will be reduced to the extent Telford is found negligent,. and the critical prerequisite for any contribution claim against Telford will therefore never be met. Because disposition of this case thus cannot give rise to a cause of action for contribution, defendants' third-party complaint is inappropriate.[5]

■ Nor will this Court permit defendants to alter that result by non-assertion of their comparative negligence defense (were they inclined to do so). Where the identical results will flow from a two-party action (Ragusa and defendants) and a three-party action (Ragusa, defendants and Telford), sound judicial administration calls for keeping the lawsuit within its present confines.

Though perhaps not an independent legal ground for this decision, prudential considerations of federal jurisdiction are coincidentally served by the result it reaches. Rule 14(a) creates an ancillary jurisdiction appendage to this Court's normal powers (see 6 Wright & Miller § 1444, including its reference at 221 to the "amorphous character of the ancillary jurisdiction"). Here the Count II claim against defendants is already a pendent claim—it could not have come into the federal courts on its own. Defendants would import a pendent *party* as an add-on to that pendent *claim*, as attenuated a connection to federal jurisdiction as can be imagined. Our Court of Appeals has made its point of view on the undesirability of pendent party jurisdiction

very plain indeed. *See Hixon v. Sherwin-Williams Co.,* 671 F.2d 1005 (7th Cir.1982).

### Conclusion

Defendants' motion for leave to file a third-party complaint for contribution is denied.

or contribution must opt for the latter. *Verson* rather barred one joint tortfeasor from seeking recovery against another joint tortfeasor under a comparative fault rationale. Here defendants' comparative negligence defense would be directed against Ragusa—not a joint tortfeasor. This is precisely the distinction made in *Verson,* 105 Ill.App.3d at 424, 61 Ill.Dec. at 307, 434 N.E.2d at 460:

> Verson is not a contributorily negligent plaintiff seeking redress for an injury caused by GSM's negligence. Verson is, at bottom, a defendant seeking contribution and not a plaintiff seeking compensation.

---

4. True enough, the identical analysis does not extend to defendants' claim that Telford negligently failed to apprise Ragusa of the alleged earlier receipt of the certificate of title—a failure that, if it occurred, could not be laid at Ragusa's door. But the only way in which either Ragusa or defendants could have been damaged by such a failure is in the resulting tardy delivery to defendants, so that the analysis inevitably returns to the effect of the claim dealt with in the text.

5. Contrary to defendants' argument, *Verson* clearly did not hold a party with a choice of proceeding via either comparative negligence