DANNY R. JUSTUS *et al.*, Plaintiffs, *v.* ABEX CORPORATION, DENISON DIVISION, Defendant and Third-Party Plaintiff-Appellant—(Du Page Die Casting Company *et al.*, Third-Party Defendants-Appellees).

First District (2nd Division)   Nos. 82—1245 through 82—1247 cons.

Opinion filed June 28, 1983.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Algimantas Kezelis and James M. Hofert, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (C. Roy Peterson, Hugh C. Griffin, and Edward J. Kowalski, of counsel), for appellees Du Page Die Casting Company and Universal Die Makers.

Galliani & Kuzel, Ltd., of Chicago (Michael W. Rathsack, of counsel), for appellee PMS Consolidated.

JUSTICE HARTMAN delivered the opinion of the court:

This consolidated appeal by defendant, third-party plaintiff Abex Corporation, Denison Division (Abex), is from the circuit court's dismissal of its third-party complaints seeking contribution from plaintiffs' employers Du Page Die Casting and Fabrication Company (Du Page), Universal Die Makers (Universal) and PMS Consolidated (PMS) for injuries plaintiffs had allegedly sustained while operating punch presses which Abex had manufactured. The issues presented for review include whether: (1) comparative fault principles recognized in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, apply to third-party actions; (2) sections 1 through 5 of "An Act in relation to contribution among joint tortfeasors" (Act) (Ill. Rev. Stat. 1979, ch. 70, pars. 301 through 305) violate article IV, section 13 of the 1970 Illinois Constitution proscribing special legislation; and (3) section 1 of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 301) applies to third-party actions accruing after March 1, 1978, or to the date upon which the underlying cause of action occurred.

In Ureostique v. Abex Corp., plaintiff alleged that he suffered serious injury to his right and left hands on November 12, 1975, when the punch press he was operating manufactured by Abex malfunctioned. Plaintiff alleged that the machine was defective when it left Abex' possession. Abex later filed a third-party complaint against Du Page, plaintiff's employer, in which it attributed any injury plaintiff may have suffered to Du Page's failure to instruct and train plaintiff; its failure to provide plaintiff with certain safety devices; and general misuse of the press. Abex sought contribution in an amount proportionate to Du Page's degree of fault. Du Page's motion to dismiss Abex' third-party complaint was granted.

In Justus v. Abex Corp., plaintiff alleged that he was seriously injured on January 14, 1978, while operating a punch press manufactured by Abex because of the machine's defective design. Abex subsequently filed a third-party complaint against Universal, plaintiff's employer, in which Abex asserted that even if its machine were defective, Universal was primarily responsible for plaintiff's injuries because Universal did not equip it with an emergency stop mechanism and did not teach plaintiff how to operate the machine safely. Abex sought full indemnity or, in the alternative, contribution for that portion of plaintiff's damages attributable to Universal. Universal's motion to dismiss Abex' third-party complaint was also granted.

In Moffit v. Abex Corp., plaintiff alleged that he was seriously injured on October 1, 1977, while operating a punch press manufactured by Abex, which he contended was defective in numerous respects.

Abex filed a third-party complaint seeking contribution from PMS, plaintiff's employer, in the event that a judgment was entered against it (Abex). The circuit court sustained PMS' motion to dismiss Abex' third-party complaint.

Abex contends that the supreme court clearly indicated in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, that liability should be apportioned on a comparative fault basis among all the parties responsible for plaintiff's injury for all cases in which trial commences subsequent to June 8, 1981. Abex traces the development of the law in New York and California where the courts first recognized the principle of comparative negligence and then later adopted a theory of comparative indemnity. Such is the natural and foreseeable development of the law in this area, Abex contends, and it urges this court to follow that development and permit "equitable apportionment/indemnity" according to each individual defendant's fault. A similar argument was raised in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, in which defendant there argued that with the adoption of comparative negligence, "it is no longer rational to hold a defendant liable beyond his share of damages" (97 Ill. 2d 104, 120) and that *"Alvis* mandates that a tortfeasor should be liable only to the extent that his negligent acts or omissions produced the damages." (97 Ill. 2d 104, 124.) The supreme court rejected this approach, retained the doctrine of joint and several liability, and approved language which would require wrongdoers to work out between themselves any apportionment of damages. (97 Ill. 2d 104, 123.) We believe that the foregoing language in *Coney* disposes of Abex' proposed modification of the law in this regard. Such relief as Abex seeks would have been available to it under the contribution act, but for the occurrence dates of the underlying torts.

Abex next argues that in light of the present status of the common law, by virtue of *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, the Illinois contribution act clearly violates article IV, section 13 of the 1970 Illinois Constitution in that the Act bars defendants in causes of action arising before March 1, 1978, from seeking contribution from other individuals who may also have been at fault, but does not preclude plaintiffs who might also have been partially at fault from bringing a cause of action against them.

Article IV, section 13 only prohibits legislative classifications which are arbitrary or unreasonable. Those based upon "a rational difference of condition or situation existing in the persons or the objects upon which the classification rests" are sustainable. (*Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 497, 336 N.E.2d

881; *People ex rel. Vermilion County Conservation District v. Lenover* (1969), 43 Ill. 2d 209, 218, 251 N.E.2d 175.) "Rational differences" do exist between a defendant seeking contribution and a plaintiff seeking compensation, in that plaintiff's negligence relates only to his own failure to exercise reasonable care for his safety, whereas defendant's negligence is based upon his failure to exercise reasonable care for the safety of others. See *Verson Allsteel Press Co. v. Major Spring & Manufacturing Co.* (1982), 105 Ill. App. 3d 419, 423-24, 434 N.E.2d 456, and *American Motorcycle Association v. Superior Court* (1978), 20 Cal. 3d 578, 589, 578 P.2d 899, 906, 146 Cal. Rptr. 182, 189, where this distinction was recognized.

In *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, the supreme court adopted a rule of general applicability which the court decided should be of prospective application only, in order to avert any hardship or injustice which might otherwise result if the new rule adopted therein were given retrospective application. The disparity of treatment upon which Abex dwells was the result of the supreme court's decision in *Skinner* to apply that rule prospectively only. The issues before the court in *Skinner* and *Alvis*, though related, were distinct. (*Johnson v. Hoover Water Well Service, Inc.* (1982), 108 Ill. App. 3d 994, 1010-11, 439 N.E.2d 1284.) As the supreme court noted in *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 28, 163 N.E.2d 89, "It is within our inherent power as the highest court of this State to give a decision prospective or retrospective application without offending constitutional principles." The United States Supreme Court so held in *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 77 L. Ed. 360, 53 S. Ct. 145, as did the Fifth Circuit Court of Appeals in *Prater v. Maggio* (5th Cir. 1982), 686 F.2d 346. By merely codifying a change wrought in the common law by the court in *Skinner*, the legislature could hardly have offended these same constitutional principles. Courts have often given decisions overruling prior precedent prospective application only where hardship or injustice would otherwise result. *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 28, 163 N.E.2d 89; see also *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 359, 367 N.E.2d 1250; and *Old Second National Bank v. Bynal Products, Inc.* (1979), 79 Ill. App. 3d 432, 434-35, 398 N.E.2d 626.

■ Lastly, Abex contends that the Act permits defendants to file third-party complaints on or after March 1, 1978, where the third-party right of action arises after that date, notwithstanding the date upon which the underlying cause of action occurred. The supreme

court in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, held that the new contribution rule should be applied prospectively only "to [those] causes of action arising out of *occurrences* on or after March 1, 1978." (Emphasis added.) (70 Ill. 2d 1, 17.) The legislature subsequently adopted the Illinois contribution act (Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*) which this court and several other appellate courts have held essentially codified the *Skinner* decision. (*Verson Allsteel Press Co. v. Major Spring & Manufacturing Co.* (1982), 105 Ill. App. 3d 419, 434 N.E.2d 456; *Johnson v. Hoover Water Well Service, Inc.* (1982), 108 Ill. App. 3d 994, 439 N.E.2d 1284; *Balmes v. Hiab-Foco, A.B.* (1982), 105 Ill. App. 3d 572, 434 N.E.2d 482; and *Harris Trust & Savings Bank v. Ali* (1981), 100 Ill. App. 3d 1, 425 N.E.2d 1359.) Each of the occurrences here involved occurred before March 1, 1978. Abex' argument in this regard is without merit.

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.