FREIDA WYSOCKI, Guardian of the Estate of Bohdan Wysocki, Plaintiff-Appellant, v. THE UPJOHN COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—1382

Opinion filed June 19, 1987.

Reed & Scoby, Ltd., of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Perry L. Fuller, D. Kendall Griffith, and Joanna C. New, of counsel), for appellee Upjohn Company.

Wildman, Harrold, Allen & Dixon, of Chicago (Douglas Prochnow and Christopher Keele, of counsel), for other appellees.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Freida Wysocki, guardian of the estate of Bohdan Wysocki, filed a complaint which alleged that a drug manufactured by defendants and administered to plaintiff's husband Bohdan when he was hospitalized permanently disabled him and caused him to sustain damages in excess of $5 million. The trial court granted defendants' motion to dismiss the lawsuit on the ground that a release given in a prior lawsuit filed by Bohdan against Foster G. McGaw/Loyola University Hospital et al., barred this action as to defendants. On appeal, plaintiff asserts that a release signed by her after September 14, 1979, did not release defendants and that evidence of the intentions of a party entering into a settlement is relevant and admissible regarding the construction of a release.

On October 3, 1975, Bohdan Wysocki entered Loyola University/Foster G. McGaw Hospital (the hospital) to receive treatment for phlebitis. Heparin, the drug manufactured by defendants and sold by them to the hospital, was administered to Bohdan by medical personnel at the hospital. As a result of the infusion of heparin, an embolus formed in Bohdan's arteries and his circulation of blood was impaired. On October 21, 1975, he suffered a cerebrovascular accident which left him "disabled" as defined by section 11(a)—2 of the Illinois Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 11(a)—2).

In 1977, Bohdan Wysocki filed an action for medical malpractice against the hospital and certain persons who provided his medical treatment. During trial proceedings, testimony was given that Bohdan had suffered blood clots which had been induced by heparin. Before the case went to the jury a settlement was entered into between the parties in the amount of $60,000.

Although defendants prepared a release the Wysockis refused to sign it and submitted their own. Plaintiff, as guardian for her husband, signed the release which appears below:

"RELEASE OF ALL DEMANDS

KNOW ALL MEN BY THESE PRESENTS that the undersigned, for and in consideration of the sum of *TEN THOUSAND DOLLARS ($10,000.00)* to the undersigned in hand paid, the receipt whereof is hereby acknowledged, do/does hereby and for my/our/its/their heirs, executors and administrators, successors and assigns, release and forever discharge *FOSTER G. McGAW/ LOYOLA UNIVERSITY HOSPITAL and JOHN F. BARTIZAL,*

*M.D.* and his/her/their/its agents, servants, heirs, executors and administrators, successors and assigns, and all other persons or organizations, both known and unknown, from all claims and demands, actions and causes of action, which have arisen or may arise from or by reason of any and all known and unknown, foreseen and unforeseen, personal and bodily injuries, sickness, disease or death and damage to or destruction of property, and any and all consequential injuries and damages, which have resulted or may result from ****injuries sustained by my husband, BOHDAN WYSOCKI, during and subsequent to periods of hospitalization* at or near *Loyola University Hospital commencing on or about October 3, 1975.*

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim and that the payment is not to be construed as an admission of liability on the part of the party or parties hereby released and that this release and settlement shall not be used by the undersigned or anyone on his behalf against the party or parties hereby released, his or their agents or servants, as a waiver or estoppel or as a defense in any action which is now pending or may be brought hereafter, whether such action be asserted in a complaint or by way of cross-action, counterclaim or set off.

The undersigned agrees that this release contains the entire agreement between the parties hereto and that the terms hereof are contractual and not a mere recital."

### "GUARDIAN'S RELEASE

I, the undersigned FREIDA WYSOCKI, having been appointed Guardian of the Estate of BOHDAN WYSOCKI, a disabled person, by order entered in Cause No. 82 P 9881 now pending in the Probate Division of the Circuit Court of Cook County, Illinois, and

Acting pursuant to an order entered on January 24, 1983, on my petition filed in the said Probate Division proceedings authorizing and directing the settlement of a cause of action heretofore asserted on behalf of said BOHDAN WYSOCKI in the Law Division of the Circuit Court of Cook County, Illinois,

DO HEREBY, For and on behalf of the said estate, acknowledge receipt of the payment of the sum of FIFTY THOUSAND DOLLARS ($50,000.00), and, in consideration thereof, release and forever discharge FOSTER G. McGRAW HOSPITAL/ LOYOLA UNIVERSITY HOSPITAL and JOHN F. BARTIZAL,

M.D. and any and each of their agents, successors, assigns, heirs, executors, administrators and personal representatives from any and all claims, demands, rights and causes of action of every kind and nature arising from personal injury sustained by said BOHDAN WYSOCKI alleged to have resulted from medical malpractice commencing on or about October 3, 1975."

However, on February 10, 1983, plaintiff filed the instant products liability action against defendants. Plaintiff's complaint alleged, *inter alia*, that Bohdan Wysocki sustained damages in excess of $5 million when he was treated with the drug heparin at the hospital, that defendants had manufactured and marketed heparin and had sold it to the hospital.

Defendants filed a motion to dismiss plaintiff's complaint on the grounds that it was barred by the statute of limitations and that the release plaintiff had given to the hospital operated as a full and unconditional release for all tortfeasors. The trial court entered an order which found that the release drafted and signed by plaintiff was clear and unambiguous, that the release had not reserved additional claims against other alleged tortfeasors, and that plaintiff had not established that the statute of limitations had been tolled by the incompetency of Bohdan Wysocki. Further, the order granted defendants' motion to dismiss plaintiff's complaint.

Now plaintiff contends that the trial court erred when it granted defendants' motion to dismiss because the release signed by plaintiff on September 14, 1979, did not release defendants and that evidence of the intentions of a party entering into a settlement is relevant and admissible regarding the construction of a release.

■ Nothing in the Contribution Among Joint Tortfeasors Act (the Act) (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*) lends support to plaintiff's contentions. The Act expressly applies to causes of action arising on or after March 1, 1978. The statute's wording "causes of action arising on or after March 1, 1978" clearly refers to underlying torts occurring on or after that date. See *Verson Allsteel Press Co. v. Major Spring & Manufacturing Co.* (1982), 105 Ill. App. 3d 419, 421, 434 N.E.2d 456.

The order entered herein by the circuit court was grounded on the common law rule that a full or unqualified release of one of several joint tortfeasors releases all tortfeasors. Plaintiff's release contained no reservation or qualified language which could reasonably lead to a conclusion that a reservation was contemplated by plaintiff. As we have indicated, plaintiff's release, in relevant parts, stated that plaintiff:

"release[s] and forever discharge[s] *** all other persons or organizations, both known and unknown, from all claims and demands, actions and causes of action, which have risen or may arise from or by reason of any and all known and unknown, foreseen and unforeseen, personal and bodily injuries, sickness, disease or death and damage to or destruction of property, and any and all consequential injuries and damages, which have resulted or may result from *** injuries sustained by my husband, BOHDAN WYSOCKI, during and subsequent to periods of hospitalization at or near Loyola University Hospital commencing on or about October 3, 1975."

It is clear that Bohdan Wysocki suffered the injuries identified in the instant complaint when he was at the hospital in October 1975. Our review of the records leads us to conclude that the cause of action complained of herein arose then and that the language of plaintiff's release expressly discharged all other tortfeasors from liability to Bohdan for injuries he sustained as a result of his medical treatment at the hospital.

■ The release in question was provided by plaintiff, who had rejected the release prepared by the hospital. A release is a contract and its construction is governed by contract law. (*Chicago Transit Authority v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 379, 385, 442 N.E.2d 546.) Contract language should be construed strongly against the maker. (*Scheduling Corp. of America v. Massello* (1983), 119 Ill. App. 3d 355, 361, 456 N.E.2d 298.) Having chosen the terms of the release herein, plaintiff may not avoid their effect.

Plaintiff's reliance on *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 461 N.E.2d 361, for the view that evidence of intentions could be considered by the trial court is misplaced. *Alsup* involved an action brought under the Act because the injuries alleged there occurred in April 8, 1978. As we have indicated, Bohdan Wysocki's alleged injuries occurred in October 1975, and the Act may not be applied to his claim.

■ ■ Further, as the trial court found, the release herein was clear and unambiguous. Thus, the intention of the parties at the time the release was entered must be determined from the language expressed therein. (*Lenzi v. Morkin* (1984), 103 Ill. 2d 290, 293, 469 N.E.2d 178.) We believe the release was full and unqualified as to the injuries sustained by Bohdan Wysocki when he was hospitalized and treated for phlebitis in October 1975. The release discharged liability to all tortfeasors who may have caused Bohdan Wysocki's injury. The release was taken in full satisfaction of liability and barred any future

legal action.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.