GLASS SPECIALTY COMPANY, INC., Plaintiff-Appellant, v. DUANE LITWILLER, Defendant-Appellee.

Third District   No. 3—86—0003

Opinion filed October 2, 1986.

Rex L. Reu and W. Loren Thomson, both of Thomson, Weintraub & Thompson, of Bloomington, for appellant.

Richard T. Buck, of McKeown, Fitzgerald, Zollner, Buck, Sangmeister, of Joliet, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The trial court granted the motion of the defendant, Duane Litwiller, for involuntary dismissal. The plaintiff, Glass Specialty Company, Inc., appeals. We reverse and remand.

The defendant worked as the Joliet branch manager for the plaintiff, an automobile glass replacement service. While in the employment of the plaintiff, the defendant executed a restrictive covenant in which he agreed to refrain from working for any of the plaintiff's competitors within the plaintiff's service territory for five years after leaving the plaintiff's employment. When the defendant left the plaintiff and began working for a competitor, the plaintiff filed suit to enforce the restrictive covenant. The defendant subsequently filed original and amended motions, supported by affidavits, to dismiss under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)).

The defendant's amended motion set forth six affirmative matters barring the plaintiff's claim. Essentially, those matters were that the plaintiff had no secrets or confidential information capable of being protected; that the plaintiff had no near permanent customers; that the restrictive covenant was unreasonable and unenforceable; that the plaintiff had breached the employment agreement prior to the defendant's leaving; and that the employment agreement was a contract of adhesion which the defendant had been forced to sign. In response to the defendant's motion, the plaintiff filed affidavits stating that the defendant had contacted insurance and commercial accounts of the plaintiff; that the plaintiff had sustained a significant decline in sales and profits; that employment agreements containing noncompetition covenants are common in the replacement glass industry; and that the plaintiff had not unilaterally terminated the defendant's office allowance.

The trial court granted the motion to dismiss, finding that the restrictive covenant was unreasonable and overly broad as to both geographic area and time; that it was not necessary to protect a legiti-

mate business interest; and that no special equities existed requiring enforcement of the contract.

The plaintiff argues on appeal that the trial court erred in granting the motion for involuntary dismissal where the pleadings and affidavits established actual conflicts. We agree.

■■ ■ The validity of a contract in restraint of competition is conditioned upon its reasonableness for the parties to the contract and the public. In determining whether a restraint is reasonable, it is necessary to consider whether enforcement will be injurious to the public or cause undue hardship to the promisor, and whether the restraint imposed is greater than is necessary to protect the promisee. (*House of Vision, Inc. v. Hiyane* (1967), 37 Ill. 2d 32, 225 N.E.2d 21.) While the question of whether a restrictive covenant is enforceable is one of law and depends upon the reasonableness of its terms, the determination of reasonableness necessarily depends on the facts and circumstances of each case. *McRand, Inc. v. Van Beelen* (1985), 138 Ill. App. 3d 1045, 486 N.E.2d 1306.

■■ ■ As a basis for involuntary dismissal, an affirmative matter within the meaning of section 2—619(a)(9) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)), is something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*In re Estate of Bajonski* (1984), 129 Ill. App. 3d 361, 472 N.E.2d 809.) It does not include every statement of evidentiary fact which tends to negate allegations of the complaint, and a motion under section 2—619(a)(9) admits, for purposes of the motion, all facts well pleaded. (*Higgins v. Kleronomos* (1984), 121 Ill. App. 3d 316, 459 N.E.2d 1048.) Where conflicting affidavits in support of a section 2—619 motion are presented to a trial court, the court has a duty either to hear other proof bearing on the material facts or to deny the motion without prejudice to the right of the defendant to raise the subject matter thereof by answer. It is improper to simply weigh the conflicting affidavits. *Etten v. Lane* (1985), 138 Ill. App. 3d 439, 485 N.E.2d 1177.

■ In the instant case, the trial court had conflicting affidavits before it. The plaintiff's complaints and affidavits established a cause of action for breach of a restrictive covenant. Whether that covenant was reasonable and enforceable depended upon the facts of the case. The plaintiff's affidavits alleged that the covenant was reasonable and set forth specific facts in support thereof. The defendant's affidavit alleged that the covenant was not reasonable. With only these conflicting affidavits before the trial court, it was improper for the court to

grant the defendant's motion for involuntary dismissal.

Accordingly, we reverse the judgment of the circuit court of Will County and remand the cause for further proceedings.

Reversed and remanded.

STOUDER and WOMBACHER, JJ., concur.