BOARD OF EDUCATION, SCHOOL DISTRICT NO. 15, Du Page County, *et al.*, Plaintiffs-Appellants, v. FRED L. OCKERLUND, JR. & ASSOCIATES, INC., *et al.*, Defendants (The Aetna Casualty and Surety Company, Defendant-Appellee).

Second District   No. 2—87—0228

Opinion filed February 2, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Jeffrey W. Finke, Assistant Attorney General, of Chicago, of counsel), for appellant Capital Development Board.

Thomas J. Canna, of Canna & Canna, of Homewood (John F. Canna, of counsel), for appellant Board of Education, School District No. 15.

Robert F. Fuchs, of Vihon, Fuchs, Temple, Berman, Roselli & Hansfield, of Chicago (Paul Hansfield, of counsel), for appellee The Aetna Casualty and Surety Company.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Board of Education, School District No. 15 (Board), filed a four-count complaint against a general contractor, a paving subcontractor, an architect, and the contractor's surety, The Aetna Casualty and Surety Company (Aetna), alleging faulty construction at a new school site. The trial court granted Aetna's motion to dismiss count

IV of the complaint, the only count directed against Aetna, on grounds that the Board lacked standing to enforce the surety bond. The court later denied the Board's motion to amend count IV to include the Illinois Capital Development Board (CDB) as a party plaintiff. The Board and the CDB appeal both the dismissal of count IV and the denial of leave to amend the complaint. We find that the trial court correctly dismissed the original count IV, but improperly denied leave to amend.

The CDB is authorized by statute to construct educational facilities for school districts, to lease such facilities back to school districts for their use, and to transfer title to such facilities to the school districts after the cost is repaid by annual rentals. (Ill. Rev. Stat. 1973, ch. 127, pars. 774.01, 779.04; ch. 122, pars. 35—1, 35—5(d).) In August 1975, the CDB solicited bids for the regrading and paving of driveways and parking lot areas at the Marquardt Middle School in Glendale Heights. The bid documents included a requirement that the contractor furnish a performance bond and a labor and materials bond to the CDB.

On September 5, 1975, the CDB entered into a written contract with Fred L. Ockerlund, Jr., & Associates (Ockerlund) for the regrading and paving work. The advertisement for bids, which was incorporated into the construction contract, provided that the project was to be constructed for the use of the Board. The contract also incorporated the following provisions from the bid specifications:

> "The owner (CDB) is constructing the project for the use and benefit of the user. It is intended, therefore, that the rights of and benefits to Owner under the Contract Documents, including, but not limited to, the obligations of Contractor to protect Owner's property and to indemnify Owner against certain losses, shall and do extend to User and User's property."

The performance bond is listed as one of the contract documents.

On September 6, 1975, Aetna issued a performance bond, on a form issued by the CDB, binding itself as surety for Ockerlund's performance of the work specified in the construction contract. The surety contract incorporated the construction contract by reference and named only the CDB as obligee on the bond. The surety contract also contained the following provision:

> "No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein."

Ockerlund completed the regrading and paving work on November 12, 1975, and was paid $79,200 in accordance with the construc-

tion contract. On October 15, 1985, the Board commenced this action against Ockerlund, the paving subcontractor, the project architect, and Aetna, alleging that the grading and paving work was defective. On August 22, 1986, the trial court dismissed count IV of the complaint, the only count against Aetna, ruling that the bond could only be enforced by the named obligee, the CDB. Plaintiffs then sought leave to amend count IV to include the CDB as a party plaintiff, but the trial court denied that motion on February 11, 1987. The remaining counts were also voluntarily dismissed at that time.

In dismissing count IV of the original complaint, the trial court found that while the Board is a third-party beneficiary under the construction contract, it was precluded from seeking recovery on the bond under the holding of *Young v. General Insurance Co. of America* (1975), 33 Ill. App. 3d 119. In *Young*, the plaintiff's predecessor entered into a construction contract with Transco, Inc. Transco in turn entered into a subcontract with Engelhardt, Inc., which required Engelhardt to furnish a performance bond for Transco. The original contract was incorporated by reference into the subcontract. General Insurance issued the bond, which incorporated the terms of the subcontract. The bond referred to Transco as "Owner" and contained the following provision:

" 'No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.' " 33 Ill. App. 3d at 121.

The plaintiff later brought suit on the bond alleging unsatisfactory performance of the construction contract. The trial court granted summary judgment for General Insurance, and the appellate court affirmed, holding that the plaintiff was not a third-party beneficiary on the bond. The *Young* court stated that in order for a third party to recover on a performance bond which on its face is for the use of other parties, the primary object and purpose of the bond must be for the benefit of the third party, and it must have been made for the direct benefit of the third party. (33 Ill. App. 3d at 121.) After examining the language of the bond, the court determined that, based on the unequivocal provision limiting recovery thereon to Transco, the bond was not entered into directly and primarily for the benefit of the plaintiff. (33 Ill. App. 3d at 122.) The bond in the present case likewise limits recovery thereon to a specific party, the CDB. As in *Young*, this unambiguous provision negates any claim that the bond contract was entered into directly and primarily for the benefit of the Board.

Plaintiffs argue, however, that the bond and the construction contract must be read as one instrument and that the intent of the bond must be gleaned from a consideration of all of the contract documents and the circumstances surrounding the parties at the time of execution. For this proposition, plaintiffs rely on this court's recent decision in *Board of Education v. Hartford Accident & Indemnity Co.* (1987), 152 Ill. App. 3d 745, and on *Lake View Trust & Savings Bank v. Filmore Construction Co.* (1979), 74 Ill. App. 3d 755. In neither of those cases, however, was there a clause in the bond specifically limiting recovery thereon to a certain party. Since the intent of the parties here is clearly set forth on the face of the bond, there is no need to search further for a contrary indication. Moreover, in *Hartford,* this court upheld the application of a clear and unambiguous two-year limitation period for claims which was set forth in the bond. (*Hartford,* 152 Ill. App. 3d at 750.) In this case as well, we see no reason to disregard the plain language of the bond.

Nor, do we believe, does the incorporation of the construction contract into the bond serve to cast the Board into the role of a direct third-party beneficiary on the bond. As the *Young* court explained, the construction contract is referred to and incorporated into the bond to set forth a description of the work to be performed by the contractor, as well as the obligations of the other parties to the contract. (*Young,* 33 Ill. App. 3d at 122.) Such would also seem to be the purpose of the statutory provisions incorporating the terms of the construction contract into the bond (Ill. Rev. Stat. 1975, ch. 29, par. 15), so that a surety will have a description of the work to be performed in the event the contractor does not complete its obligations under the construction contract. See, *e.g., Hartford,* 152 Ill. App. 3d at 749.

Although plaintiffs also make much of the close relationship between the Board and the CDB, and the ultimate use of the facilities by the Board, these factors are more relevant to the Board's status as a third-party beneficiary of the construction contract, a point not in issue. None of plaintiffs' arguments can overcome the plain, unambiguous language of the bond, executed on a form prescribed by the CDB itself, which limits recovery to the CDB alone. We thus hold that the trial court properly determined that, based on *Young,* the Board did not have standing to seek recovery on the bond.

After the trial court correctly dismissed count IV of the original complaint in which only the Board was named as plaintiff, plaintiffs sought leave to amend count IV to include the CDB as a party plaintiff. Other than the designated plaintiff, the amended count sets forth the same claim as the original count. The trial court denied the mo-

tion to amend, stating that "the School District is not allowed to do something that it cannot do simply by bringing in the only party that has the cause of action."

■ Section 2—616(a) of the Code of Civil Procedure provides as follows:

> "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, *** in any matter, either of form or substance, *** which may enable the plaintiff to sustain the claim for which it was intended to be brought ***." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a).)

Under this section, the decision whether to permit an amendment to a complaint lies within the sound discretion of the trial court, whose decision will not be disturbed on review absent a showing of an abuse of that discretion. (*Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 988.) On the other hand, a trial court's power to allow amendments should be fully exercised in order that litigants may completely present their causes of action; any doubts should be decided in favor of allowance of amendments. (*Giannini*, 136 Ill. App. 3d at 988.) In this case, it appears that the doubts were decided against amendment and that the trial court thus abused its discretion in denying leave to amend count IV.

■ As plaintiffs note, surety contracts are treated as insurance contracts. (*Fisher v. Fidelity & Deposit Co.* (1984), 125 Ill. App. 3d 632, 640.) Furthermore, it has been Illinois law for over 100 years that a proper party on a contract claim against an insurance company may be added as a party plaintiff if an improper party was originally named. (*Teutonia Life Insurance Co. v. Mueller* (1875), 77 Ill. 22, 23-24.) That principle has consistently been followed, based on predecessors to section 2—616. (See, *e.g.*, *Simmons v. Hendricks* (1965), 32 Ill. 2d 489; *United States Insurance Co. v. Ludwig* (1884), 108 Ill. 514.) Although Aetna argues that section 2—616 is not applicable here because the Board, the original plaintiff, will not be able to sustain the original claim, Aetna cites no cases for this proposition. In fact, that claim is irreconcilable with the previously cited cases where the original plaintiffs could not have recovered, but amendments were allowed.

■ In this case, Aetna will suffer no prejudice if the amendment to count IV is allowed. The same claim is presented in the amended count as in the original. The only difference is that the CDB, the party which Aetna so strongly argued below is the only proper plaintiff, will be the plaintiff rather than the Board. Under these circum-

stances, we hold that the trial court abused its discretion in denying leave to amend count IV of the complaint. We therefore reverse the denial of leave to amend count IV and remand this cause to the circuit court of Du Page County for further proceedings.

Affirmed in part; reversed in part and remanded.

NASH and REINHARD, JJ., concur.