BYRON KNOX *et al.*, Plaintiffs-Appellants, v. KEENE CORPORATION *et al.*, Defendants-Appellees.

Second District   Nos. 2—90—0599, 2—90—0600 cons.

Opinion filed March 13, 1991.—Rehearing denied April 15, 1991.

Kathy Byrne, of Cooney & Conway, of Chicago (James R. Hopkinson, of counsel), for appellant Byron G. Knox.

James R. Hopkinson, of Cooney & Conway, and Patrick F. Geary, of Arnstein & Lehr, both of Chicago, for appellants Earl Hackbarth and Ella Louise Hackbarth.

David R. Sinn and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria, and Francis A. Spina, of Tressler, Soderstrom, Maloney & Priess, of Wheaton, for appellees Keene Corporation, Armstrong World Industries, GAF Corporation, Fibreboard Corporation, National Gypsum Company, Dana Corporation, Keasbey-Mattison Corporation, and Flintkote Company.

James K. Toohey and Anne T. Stinneford, both of Ross & Hardies, of Chicago, for appellee Pittsburgh Corning.

Edward J. McCambridge, of Segal, McCambridge, Singer & Mahoney, Ltd., and James P. Dorr and Lawrence D. Mishkin, both of Wildman, Harrold, Allen & Dixon, both of Chicago, for appellee Combustion Engineering.

Bruce W. Lyon and Barry L. Kroll, both of Williams & Montgomery, Ltd., of Chicago, for appellee Eagle-Picher Industries.

Robert H. Riley, Paul A. Scrudato, and Thomas P. Heneghan, all of Schiff, Hardin & Waite, of Chicago, for appellees Owens-Illinois, Inc., and Keene Corporation.

Stephen J. Smalling, of Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago, for appellee Asbestospray Corporation.

Gary Sharp and William Osantowski, both of Cheatham & Acker, of West Bloomfield, Michigan, for appellee H.K. Porter Company.

Reardon, Orr & Dvorak, of East Peoria (Bret S. Babcock, of counsel), for appellee W.R. Grace Company.

Robert L. Martier, Robert S. Baker, and Keith A. Chadwick, all of Baker & Martier, of Chicago (Ruth V. Enright, of counsel), for appellee Owens-Corning Fiberglas.

Daniel J. Cheely, Francis D. Morrissey, and Michael A. Pollard, all of Baker & McKenzie, of Chicago, for appellee AC & S, Inc.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Byron Knox, appeals from the trial court's order of May 1, 1990, dismissing with prejudice his amended complaint. In the consolidated case, plaintiffs Earl and Ella Louise Hackbarth (the Hack-

barths) appeal from the trial court's order of April 12, 1990, dismissing their amended complaint with prejudice. We dismiss in part and affirm in part.

On February 7, 1989, the Hackbarths filed a two-count complaint against 24 defendants. On November 1, 1989, Knox filed a one-count complaint against 23 defendants. The complaints alleged that Earl Hackbarth and Knox, during their careers as sheet metal workers, were exposed to asbestos products designed, processed, manufactured and sold by the defendants, and that, as a result of defendants' negligence, both now suffer from an asbestos-related lung disease. The second count of the Hackbarths' complaint alleged loss of consortium on behalf of Ella Hackbarth. Other plaintiffs filed similar suits against the various defendants. The Hackbarth complaint, along with 13 other complaints, was dismissed on November 19, 1989. The Hackbarths filed an amended three-count complaint on February 5, 1990; this complaint sounded in strict liability, negligence, and loss of consortium. On April 12, 1990, the trial court dismissed with prejudice the Knox complaint, the amended Hackbarth complaint, and the 15 other similar complaints. Knox and two others were granted leave to file amended complaints. The court, on its own motion, consolidated all 17 cases for all purposes but trial and instructed the clerk to make all docket entries for the 17 cases in the Hackbarth file. In addition, a status conference was scheduled for April 27 for all cases. At that conference, the court dismissed the three amended complaints which had been filed. The court also stated that the order dismissing all 17 cases would be final and appealable from the date of entry of the dismissal order; such order was entered on May 1. The appeals arise from this order.

We must first address this court's jurisdiction over the Hackbarth appeal. The Hackbarths' amended complaint was dismissed with prejudice on April 12, 1990; the notice of appeal therefrom was filed on May 30, some 48 days later. Illinois Supreme Court Rule 303(a) provides in part:

> "[N]otice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." (134 Ill. 2d R. 303(a).)

The Hackbarths argue that the April 12 order was not final and that the trial court retained jurisdiction over all 17 cases until May 1. We disagree.

An order is final if it terminates the litigation between parties or disposes of their rights on some definite, separate part of the litigation. (*In re Upmann* (1990), 200 Ill. App. 3d 827, 834.) Where

dismissal is based upon a determination that the complaint, as a matter of law, is insufficient to state a cause of action, the order is final and appealable by its nature. (*In re Estate of Hopkins* (1988), 166 Ill. App. 3d 652, 655.) A general dismissal with no right to amend and no request for leave to amend is final and appealable. (*Hopkins*, 166 Ill. App. 3d at 655.) In the case before us, the April 12 order terminated all litigation between the Hackbarths and the many defendants. The order stated that the complaint failed to state a cause of action because the theory upon which relief was sought is not recognized in Illinois. Further, the Hackbarths did not wish to amend their pleadings. These facts are clear indicia of the final and appealable nature of the April 12 order.

The Hackbarths argue that the trial court intended to retain jurisdiction over their suit beyond April 12 and point to language within the order wherein the court stated that it would "conduct a status conference in each of the above-captioned consolidated causes" on April 27. According to the Hackbarths, the trial court's intention to retain jurisdiction precludes an order from becoming final and appealable. In addition, the Hackbarths argue, the court at that hearing stated that all the orders would be final and appealable as of the date it signed the order emanating from the conference; such an order was signed on May 1. This retention of jurisdiction, according to the Hackbarths, destroyed the final and appealable nature of the April 12 order.

■■ ■ A trial judge has no authority to excuse compliance with filing requirements of supreme court rules concerning appeals. (*In re Smith* (1980), 80 Ill. App. 3d 380, 382.) An order is final and appealable because of its nature and effect, not because a trial judge grants or refuses to grant it such power. Just as a judgment as to fewer than all parties or claims does not become final and appealable merely because the court recites the magical phrase "no just reason for delaying enforcement or appeal" (134 Ill. 2d R. 304(a); see *In re Johnson* (1985), 134 Ill. App. 3d 365, 368), a final and appealable order is not made nonfinal and nonappealable by a trial court's determination. The trial court's statements regarding the nature of its April 12 order had no effect on the order. That order having been final and appealable, the Hackbarths should have filed their notice of appeal within 30 days. As they did not, we have no jurisdiction over their appeal, and it is, therefore, dismissed.

The Hackbarth and Knox amended complaints were identical, with the exception of a count alleging loss of consortium in the Hack-

barth complaint. Were we to reach the merits of the Hackbarth appeal, the analysis of the Knox appeal would be applicable.

We first note that Knox concedes that the first count of his complaint, sounding in product liability, is barred by the statute of repose (Ill. Rev. Stat. 1989, ch. 110, par. 13—213). We therefore need consider only the negligence count of Knox's amended complaint.

■ ■ The trial court's order dismissing Knox's amended complaint states in part:

"1. The Single Indivisible Injury Rule has not been adopted in Illinois.

2. The Amended Complaints at Law filed in Knox, Gray and Zulauf do not state a cause of action."

Knox now argues that the single indivisible injury rule *has* been adopted in Illinois and that, consequently, his amended complaint stated a cause of action. The single indivisible injury rule has been stated as:

"Where two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their *concurrent* negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action." (Emphasis added.) (*Storen v. City of Chicago* (1940), 373 Ill. 530, 533.)

We agree with Knox that this rule has been adopted in Illinois. However, Knox did not plead his case as required by the single indivisible injury rule. *Storen* refers to "concurrent negligence." A "classic case" of concurrent negligence, according to our supreme court, is contained in *Buehler v. Whalen* (1977), 70 Ill. 2d 51. In *Buehler*, defendant's negligent driving caused her to slam into plaintiff's car, in which plaintiff was attempting to make a left-hand turn; the plaintiff's car then burst into flames, the result of a design defect in the car. The separate and concurrent negligent acts of the defendant driver and the automobile manufacturer "combine[d] to produce a single individual injury." (*Buehler*, 70 Ill. 2d at 63.) In the case before us, Knox has failed to allege concurrent negligence by the defendants. Knox alleges that, over the course of his career, he worked with or near asbestos products designed, processed, manufactured, distributed, and sold by defendants. Nowhere does plaintiff contend that products from different defendants were used concurrently or in conjunction with one another. At best, Knox alleges cumulative negligent actions by defendants, actions occurring throughout his career in sheet metal working. The trial court did not err in dismissing this cause for failure to state a cause of action.

■ Additionally, Knox's complaint fails to allege with any specificity the specific products Knox claims caused his illness. These allegations fail to apprise the defendants of the products that allegedly caused the injury and the place in the chain of production the defendants allegedly occupied. (See *Costello v. Unarco Industries, Inc.* (1984), 129 Ill. App. 3d 736, 744.) The fact-pleading requirements of Illinois require a complaint to apprise a defendant of sufficient facts upon which to base a defense. (*Costello*, 129 Ill. App. 3d at 744-45.) In the case before us, Knox's complaint failed to provide these facts. The trial court did not err in dismissing the complaint for failure to state a cause of action.

For these reasons, the Hackbarths' appeal is dismissed, and the judgment of the circuit court of Winnebago County dismissing Knox's amended complaint is affirmed.

No. 2—90—0599, Affirmed.
No. 2—90—0600, Dismissed.

BOWMAN and GEIGER, JJ., concur.