576 N.E.2d 340 (1991)
215 Ill. App.3d 1078
159 Ill.Dec. 671
Richard SMITH, Plaintiff/Counterdefendant/Appellee,
v.
CHEMICAL PERSONNEL SEARCH, INC., Defendant/Counterplaintiff/Appellant.
No. 1-90-2080.
Appellate Court of Illinois, First District, Second Division.
June 28, 1991.
*342 Rivkin, Radler, Bayh, Hart & Kremer, Chicago (Irving B. Levinson and Mary F. Licari, of counsel), for defendant/counterplaintiff/appellant.
Walters & Walters, Chicago (Carol A. Walters and Garry H. Walters, of counsel), for plaintiff/counter-defendant/appellee.
Justice HARTMAN delivered the opinion of the court:
Defendant, Chemical Personnel Search, Inc. (CPS), appeals the dismissal of its counterclaim, which sought injunctive relief for plaintiff's alleged breach of covenants not to compete. The issues presented on appeal are whether (1) plaintiff's motion to dismiss the counterclaim was improperly brought under section 2-619 of the Code of Civil Procedure (Code) (Ill.Rev.Stat.1989, ch. 110, par. 2-619); (2) CPS was collaterally estopped from seeking the relief outlined in its counter-claim; (3) CPS' counterclaim failed to set forth a cause of action for injunctive relief; and (4) CPS should be granted leave to amend its counterclaim. We reverse and remand, for reasons which follow.
CPS is an Illinois corporation engaged in the business of recruiting prospective employees for placement with prospective employers. Plaintiff, Richard Smith, had been employed by CPS from 1982 to 1990. Smith left his employment with CPS in January 1990 and conducted business as a sole proprietor under the name ExecuTec Resources.
On March 2, 1990, Smith filed a complaint for declaratory relief against CPS, seeking nullification of a document entitled "Letter Agreement," which Smith had signed on September 8, 1987. In consideration of Smith's continued employment with CPS, the agreement provided generally that, for a one-year period following termination of employment, the former employee was prohibited from disclosing information about CPS' clients and customers, hiring other CPS employees, and competing with the corporation within a 35-mile radius of the CPS office in which the employee last worked. By its terms, if the agreement was violated, CPS could seek injunctive relief against the employee, who would be liable for liquidated damages in the amount of $25,000. Smith also received $500 as consideration for signing the agreement.
On May 8, 1990, CPS filed a counterclaim against Smith, which sought injunctive relief and liquidated damages, and moved for a preliminary injunction. The counterclaim alleged that:

*343 "(a) Smith has transacted employment agency business on behalf of ExecuTec with prospective employees and prospective employers with whom Smith had transacted such business on behalf of CPS.
(b) Smith has disclosed to ExecuTec and other third parties both the names of prospective employees and prospective employers with whom Smith had transacted employment agency business on behalf of CPS.
(c) Smith communicated, divulged and/or used for the benefit of ExecuTec, information, both oral and written, concerning CPS' prospective employees and prospective employers to ExecuTec, and other third parties."
These acts were all alleged to have occurred within 35 miles of the CPS office in which Smith had worked. CPS claimed that it had already and would continue to suffer irreparable injury unless Smith was enjoined from further such acts.
On May 30, 1990, pursuant to section 2-619 of the Code (Ill.Rev.Stat.1989, ch. 110, par. 2-619), Smith filed a motion to dismiss the counterclaim, with a supporting memorandum but no affidavits, alleging generally that the counterclaim failed to state a cause of action; the Letter Agreement was overly broad and unduly restrictive; enforcement of the Letter Agreement was barred by collateral estoppel; and the liquidated damages clause was unenforceable because it constituted a penalty.
At the hearing on the motion to dismiss, the circuit court dismissed the counterclaim "on the basis of collateral estoppel as well as other [sic] stated in court's oral opinion." The court indicated:
"[w]hile I agree that I cannot say based on these pleadings that the geographical limitation is over broad and unduly restrictive, I can and I do find that propiretary [sic] information allegedly which gave rise to this agreement and the allegations contained in the complaint are woefully inadequate and unsatisfactory and unacceptable to the Court."
CPS appeals the dismissal of its counterclaim.

I.
CPS argues that Smith's section 2-619 motion to dismiss improperly attacked the sufficiency of the allegations in the counterclaim. Section 2-619 authorizes dismissal of a complaint where it is barred by any of the grounds set forth therein, or by any other affirmative matter which defeats the claim. Ill.Rev.Stat.1989, ch. 110, par. 2-619(a).
Smith maintained generally that the counterclaim failed to state a cause of action and was barred by collateral estoppel. He also asserted in the supporting memorandum that the restrictive covenant was overly broad and unduly burdensome. The allegations pertaining to failure to state a cause of action should have been raised pursuant to section 2-615 of the Code. (Ill. Rev.Stat.1989, ch. 110, par. 2-615; see Sutton v. Mytich (1990), 197 Ill.App.3d 672, 676, 144 Ill.Dec. 196, 555 N.E.2d 93.) Collateral estoppel is a matter properly raised under section 2-619 (see Ill.Rev.Stat.1989, ch. 110, par. 2-619(a)(4)), as is the overbreadth as to time or location in a restrictive covenant (see Ill.Rev.Stat.1989, ch. 110, par. 2-619(a)(9); Glass Specialty Co. v. Litwiller (1986), 147 Ill.App.3d 653, 655, 101 Ill.Dec. 552, 498 N.E.2d 876). These types of "hybrid" procedures, which combine separate motions for joint analysis and determination, have been expressly disapproved and are discouraged. (See Janes v. First Federal Savings & Loan Association (1974), 57 Ill.2d 398, 406, 312 N.E.2d 605; Sutton, 197 Ill.App.3d at 676, 144 Ill.Dec. 196, 555 N.E.2d 93.)[1] In the interests of judicial economy, however, and if the respondent is not prejudiced by the improper combination of motions, reversal is not automatically required and the matter will be considered on its merits. (Mohr v. Arachnid, Inc. (1990), 201 Ill.App.3d 984, 988, 147 Ill.Dec. 758, 559 N.E.2d 1098; Sutton, 197 Ill.App.3d at 676, 144 Ill.Dec. 196, 555 N.E.2d 93.) Where prejudice is *344 found, it usually occurs because the procedural confusion has prevented the respondent from submitting counter-affidavits or other material to contest a movant's affirmative defenses. (R. Michael, Illinois Practice: Civil Procedure Before Trial § 41.2, p. 299 (1989); see Downers Grove Associates v. Red Robin International, Inc. (1986), 151 Ill.App.3d 310, 314, 104 Ill.Dec. 393, 502 N.E.2d 1053.) CPS suffered no such prejudice in this case. The corporation had the opportunity to file counter-affidavits, and did in fact contest the merits of Smith's motion by filing a response. We do not approve of Smith's "hybrid" motion; nevertheless, in the absence of prejudice and to avoid delay in this case, we will consider each of the issues presented.

II.
The circuit court dismissed the counterclaim on the basis of collateral estoppel, concluding that the post-employment covenants in the Letter Agreement had been the subject of previous litigation.
The record contains two documents which relate to that determination. The first is an order entered in Chemical Personnel Search, Inc. v. Doyle (Cir.Ct.Cook Co.), No. 87-CH-1966, dated April 29, 1987. That case, however, allegedly involved another employment agreement, entitled "Information Protection Agreement." The second document is an order from Chemical Personnel Search, Inc. v. Lee (Cir.Ct. Cook Co.), No. 82-CH-1915, dated May 24, 1982. The order attached in that case simply denied rehearing and transferred the cause for reassignment. The record contains no other orders or transcripts from the previous two actions.
The doctrine of collateral estoppel prevents the litigation of the same issue twice. Under that doctrine, a former judgment bars only those questions actually decided in the prior suit. (Decatur Housing Authority v. Christy-Foltz, Inc. (1983), 117 Ill.App.3d 1077, 1082, 73 Ill.Dec. 519, 454 N.E.2d 379.) It is essential that there shall have been a finding of a specific fact in the prior judgment or record that is material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily decided by the court rendering the judgment. If there is any uncertainty because more than one distinct issue of fact was presented, collateral estoppel will not apply. (Case Prestressing Corp. v. Chicago College of Osteopathic Medicine (1983), 118 Ill.App.3d 782, 785, 74 Ill.Dec. 382, 455 N.E.2d 811; Decatur Housing Authority, 117 Ill.App.3d at 1082, 73 Ill.Dec. 519, 454 N.E.2d 379.) The party asserting the preclusion bears the heavy burden of showing with clarity and certainty that the identical issue was decided in the prior case. Best Coin-Op, Inc. v. Paul F. Ilg Supply Co. (1989), 189 Ill.App.3d 638, 661, 136 Ill.Dec. 957, 545 N.E.2d 481.
The orders entered in No. 87-CH-1966 and No. 82-CH-1915, upon which Smith relies, contain no specific findings regarding the matters contested therein. The pronouncement in No. 87-CH-1966 did not, as Smith claims, relate to the nature and validity of the employment contract. The order simply disposed of a prior complaint for injunctive relief on the grounds of collateral estoppel. Similarly, there is no indication as to the issues that were decided in No. 82-CH-1915. The order, which was presented as evidence of a former adjudication, does not refer to an employment contract or a restrictive covenant. Further, the contract allegedly involved in those two cases, although similar, is not identical to the Letter Agreement at issue in the case sub judice. Finally, because it does not appear on the face of the counterclaim that CPS was collaterally estopped from pursuing this cause of action, Smith should have filed an affidavit, or, at least, certified copies of his supporting documents. See Ill.Rev.Stat.1989, ch. 110, par. 2-619(a); Hays v. Louisiana Dock Co. (1983), 117 Ill.App.3d 512, 515, 72 Ill.Dec. 687, 452 N.E.2d 1383.
Smith has not shown with clarity and certainty that the identical issue was decided in previous litigation, and CPS' counterclaim, therefore, is not barred by collateral estoppel.

*345 III.
Smith's motion to dismiss alleged that CPS failed to state a cause of action for injunctive relief in its counterclaim. Although this allegation was raised under the aegis of section 2-619, failure to state a cause of action is a matter properly asserted through a section 2-615 motion. See Ill.Rev.Stat.1989, ch. 110, par. 2-615; Sutton, 197 Ill.App.3d at 676, 144 Ill.Dec. 196, 555 N.E.2d 93.
CPS claims on appeal that it adequately pleaded a cause of action for injunctive relief in its counterclaim. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. (Ogle v. Fuiten (1984), 102 Ill.2d 356, 360-61, 80 Ill.Dec. 772, 466 N.E.2d 224.) A well-pleaded complaint for injunctive relief must contain on its face facts which establish the right to such relief in a positive, certain, and precise manner. (Sadat v. American Motors Corp. (1984), 104 Ill.2d 105, 116, 83 Ill.Dec. 577, 470 N.E.2d 997.) The factual allegations must establish specifically the protectible interest for which there is no adequate remedy at law and that irreparable injury will result if the relief is not granted. Hamer Holding Group, Inc. v. Elmore (1990), 202 Ill.App.3d 994, 1006-07, 148 Ill. Dec. 310, 560 N.E.2d 907.
The question of the enforceability of a restrictive covenant is a matter of law which depends upon the reasonableness of its terms. (PCx Corp. v. Ross (1988), 168 Ill.App.3d 1047, 1056, 119 Ill. Dec. 474, 522 N.E.2d 1333.) Because post-employment restrictive covenants operate, in a sense, as partial restraints of trade, they are scrutinized carefully by courts to ensure that their intended effect is not the preclusion of competition per se. (PCx Corp., 168 Ill.App.3d at 1056, 119 Ill.Dec. 474, 522 N.E.2d 1333.) The basic test is whether the terms of the restriction are reasonable and necessary to protect a legitimate business interest of the employer, a determination which necessarily turns on the facts and circumstances of each case. (McRand, Inc. v. Van Beelen (1985), 138 Ill.App.3d 1045, 1051, 93 Ill.Dec. 471, 486 N.E.2d 1306.) To prove such a legitimate business interest, Illinois courts require that the employer have a near permanent relationship with its customers, and that but for the employment, the employee would not have had contact with the customers. Agrimerica, Inc. v. Mathes (1990), 199 Ill.App.3d 435, 443, 145 Ill.Dec. 587, 557 N.E.2d 357, appeal denied, 135 Ill.2d 553, 151 Ill.Dec. 379, 564 N.E.2d 834.
A motion which objects to pleadings, however, "shall point out specifically the defects complained of, and shall ask for appropriate relief." (Ill.Rev.Stat. 1989, ch. 110, par. 2-615(a).) If it fails to point out specifically the defects complained of and to ask for such relief as the nature of the defects may make appropriate, the motion is insufficient in law and will not be entertained by the court. (Hitchcock v. Reynolds (1935), 278 Ill.App. 559, 562-63.) Similarly, grounds not specified in the motion to dismiss cannot be urged on appeal. (Admiral Oasis Hotel Corp. v. Home Gas Industries, Inc. (1965), 68 Ill.App.2d 297, 304, 216 N.E.2d 282.) A movant is required to point out defects in pleadings so that the complainant will have an opportunity to cure them before trial. Knox College v. Celotex Corp. (1981), 88 Ill.2d 407, 422, 58 Ill.Dec. 725, 430 N.E.2d 976.
Here, Smith's motion to dismiss, in alleging failure to state a cause of action, sets forth general and conclusory allegations insufficient to support a section 2-615 motion to dismiss and fails to point out specifically the defects in the counterclaim. CPS, therefore, was not apprised of the particular shortcomings in its pleading which an amendment might have redressed. Although many of the allegations in CPS' counterclaim lack specificity, we hold that Smith's "hybrid" motion to dismiss did not conform to the requirements of section 2-615.
Consequently, CPS should have been granted leave to amend its counterclaim. Amendments to pleadings should be allowed in the interest of having cases decided *346 on their merits rather than on technicalities. (Summar v. Indiana Harbor Belt R.R. Co. (1986), 147 Ill.App.3d 851, 856b, 113 Ill.Dec. 321, 515 N.E.2d 130.) Although the right to amend a complaint is not absolute (Baker v. Walker (1988), 173 Ill.App.3d 836, 841, 123 Ill.Dec. 621, 528 N.E.2d 5), the most important consideration in determining whether an amendment should be allowed is whether it will be in furtherance of justice (Weldon v. Hawkins (1989), 183 Ill.App.3d 525, 534, 131 Ill.Dec. 876, 539 N.E.2d 229). Doubts should be resolved in favor of the allowance of the amendment. Board of Education v. Fred L. Ockerlund Jr. & Associates, Inc. (1988), 165 Ill.App.3d 439, 444, 116 Ill.Dec. 505, 519 N.E.2d 95.
It is true, as Smith argues, that a party's failure to submit a proposed amendment to the court or include it in the record on appeal waives the right to review the circuit court's denial of the motion to file an amended complaint. (Kirk v. Michael Reese Hospital & Medical Center (1987), 117 Ill.2d 507, 521, 111 Ill.Dec. 944, 513 N.E.2d 387.) A proposed written amendment, however, while desirable, is not crucial where the record reveals that the movant articulated the substance of the amendment and the reasons therefor to the court in such a manner that the materiality of the proposed alteration is made plain to the court or in the proceedings. Baker, 173 Ill.App.3d at 842, 123 Ill.Dec. 621, 528 N.E.2d 5.
Following dismissal of the counterclaim at the hearing, counsel for CPS orally inquired whether leave would be granted to amend its pleading. The circuit court indicated that its finding was final and appealable, and did not grant leave to amend. On appeal, CPS contends that additional facts contained in its response to Smith's motion to dismiss the counterclaim should have been considered as supplemental to the allegations in its counterclaim. In that filing, CPS asserted that it had near-permanent and long-standing relationships with its customers. The response also generally sets forth the time, cost, and degree of difficulty involved in acquiring its clientele. These factors indicate that CPS was seeking to protect a legitimate business interest. (See Agrimerica, Inc., 199 Ill.App.3d at 444, 145 Ill.Dec. 587, 557 N.E.2d 357.) It appears, therefore, that CPS is able to plead facts sufficient to state a cause of action for breach of a restrictive covenant. We conclude that the circuit court abused its discretion in not allowing CPS leave to amend its counterclaim. See Shugan v. Colonial View Manor (1982), 107 Ill. App.3d 458, 462, 63 Ill.Dec. 82, 437 N.E.2d 731.
For the foregoing reasons, the judgment of the circuit court is hereby reversed and the cause is remanded for further proceedings in accordance with this decision.
Reversed and remanded.
SCARIANO, P.J., and COCCIA, J., concur.
NOTES
[1] The combined motion here would not satisfy new section 2-619.1 (Ill.Rev.Stat.1990 Supp., ch. 110, par. 2-619.1), since it lacks the requisite specificity and separateness.