AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, Plaintiff-Appellant, v. FRANK TUFANO et al., Defendants-Appellees (Michael Fryzel, Director of the Financial Institutions of the State of Illinois, Defendant).

First District (3rd Division)   No. 1—90—0193

Opinion filed December 4, 1991.—Rehearing denied January 13, 1992.

Jospeh I. Adler and Charles E. Adler, both of Chicago, for appellant.

Anthony J. Fornelli, of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff American National Bank and Trust Company of Chicago, as trustee under trust No. 7966, brought this action against defendants Frank Tufano and Angeline Tufano for the alleged violation of a restrictive covenant contained in the parties' lease for a currency exchange located in the lobby of 32 West Washington Street, Chicago, Illinois. Plaintiff sought a declaratory judgment, an injunction and monetary damages. The declaratory judgment count was dismissed by the trial court. After a bench trial, the trial court found and entered judgments

in favor of defendants as to both the injunction and monetary damage counts. We affirm.

In January 1973, defendants accepted the assignment of a prior lessee's interest in a lease due to expire on April 30, 1977, for the currency exchange. The monthly rental payment due to plaintiff during the term of this lease was $745.77. In March 1977, plaintiff executed a five-year lease with defendants commencing May 1, 1977, through April 30, 1982, containing a monthly rental payment ranging from $845.77 to $920.77 during the term of the lease. Another five-year lease was executed commencing May 1, 1982, through April 30, 1987, containing a monthly rental payment ranging from $1,700 to $2,107.76 during the term of the lease. This lease, like the previous leases, contained the following restrictive covenant:

> "18. During the term of this lease, and for a period of one (1) year after its termination, whether by lapse of time or otherwise, [defendants] agree that they will not, either directly or indirectly, operate or engage in the currency exchange business within a radius of two blocks from the northeast corner of Washington and Dearborn Streets, Chicago, Illinois; provided, however, that if Lessor shall fail to offer [defendants] a new lease upon the expiration of this Lease at the same rental, then and in that event that portion of this paragraph which prohibits [defendants] from operating or engaging in the currency exchange business for a period of one year shall be of no force and effect whatsoever."

On February 26, 1987, plaintiff filed a complaint in the circuit court of Cook County seeking a declaratory judgment to determine the rights of plaintiff to examine defendants' financial records. On April 17, 1987, following intermittent correspondence between the parties regarding renewal of the lease, plaintiff activated the restrictive covenant by tendering a renewal lease to defendants containing the same monthly rental payment as the previous lease. On April 30, 1987, the lease lapsed and defendants opened a currency exchange business less than two blocks from 32 West Washington Street.

Plaintiff subsequently amended its complaint to include additional counts seeking injunctive relief to enjoin defendants from violating the restrictive covenant and monetary damages. Later, the trial court dismissed the declaratory judgment count. A bench trial was had, and the trial court found in favor of defendants and entered judgments in their favor as to both the injunction and monetary damage counts. This appeal followed.

■ It is well established that covenants restricting the use of real estate, restraining trade or otherwise impeding the stream of commerce

are disfavored in the law and will be construed in favor of free alienation in the event of an inequitable or unjust result. (See *Tyler Enterprises of Elwood, Inc. v. Shafer* (1991), 214 Ill. App. 3d 145, 149, 573 N.E.2d 863, 865-66; *Callahan v. Balfour* (1989), 179 Ill. App. 3d 372, 378, 534 N.E.2d 565, 569; *Aqua-Aerobic Systems, Inc. v. Ravitts* (1988), 166 Ill. App. 3d 168, 172, 520 N.E.2d 67, 70.) Courts carefully scrutinize the validity of restrictive covenants, and their enforceability is conditioned upon the reasonableness of the restraint imposed. (*Retina Services, Ltd. v. Garoon* (1989), 182 Ill. App. 3d 851, 855, 538 N.E.2d 651, 652.) Moreover, the party seeking enforcement of a restrictive covenant must allege and prove some legitimate business or proprietary interest requiring protection for which enforcement is sought. See *Smith v. Chemical Personnel Search, Inc.* (1991), 215 Ill. App. 3d 1078, 1084, 576 N.E.2d 340, 345; *Label Printers v. Pflug* (1991), 206 Ill. App. 3d 483, 491, 564 N.E.2d 1382, 1387.

■ In the present case, plaintiff does not allege and the record does not support a finding that defendants were or are in direct or indirect competition with plaintiff by engaging in the currency exchange business within two blocks of 32 West Washington Street. Plaintiff does not allege and there is no evidence that plaintiff is in the currency exchange business. Nor is there any allegation or proof that the leased space at issue is being used for a currency exchange or that it cannot be leased to another tenant because the defendants are operating a currency exchange within two blocks of 32 West Washington Street. Thus, plaintiff has not advanced and we cannot postulate any legitimate business or proprietary interest that requires protection through enforcement of the restrictive covenant, or alternatively, how plaintiff would be harmed by our failure to enforce the covenant. Parenthetically, we note that the building located at 32 West Washington Street was razed in 1989, and the land remains vacant.

We therefore hold that the restrictive covenant in this case is unenforceable because there is no allegation or evidence that a legitimate business or proprietary interest exists which requires protection through enforcement of the covenant. Under the circumstances, we do not address plaintiff's other arguments.

Accordingly, the judgments of the circuit court are affirmed.

Affirmed.

CERDA, P.J., and TULLY, J., concur.