OTIS PADGETT, Plaintiff-Appellant, v. A AND M INSULATION COM-
PANY, Defendant-Appellee (Owens-Corning Fiberglas Corporation *et al.*,
Defendants).

Third District    No. 3—93—0872

Opinion filed September 1, 1994.

James Walker, of James Walker, Ltd., of Bloomington (James Wylder, of
counsel), for appellant.

Edward J. Matushek III, of Haskell & Perrin, of Chicago (Alan S. Zelkow-
itz, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:
   The plaintiff, Otis Padgett (Padgett), brought this action against
18 defendants, including A&M Insulation Company (A&M), for
injuries allegedly sustained due to exposure to asbestos products
manufactured or sold by the defendants. The circuit court of Taze-
well County dismissed both the initial complaint and an amended
complaint as to A&M for failure to state a cause of action and for
failure to allege sufficient facts to impose concurrent liability. Padgett
appeals. We reverse and remand.
   Padgett worked from 1943 until 1977 on various projects in the
construction industry throughout the United States and Japan. After
discovering that he had contracted asbestosis, he filed, on July 15,
1992, a four-count complaint against the 18 defendants, including
A&M. Count I sounded in strict products liability. Count II alleged

willful and wanton conduct. Count III alleged negligence. Count IV set forth a civil conspiracy action.

On August 26, 1992, A&M filed a motion to dismiss the complaint, arguing that the complaint failed to identify particular asbestos products by brand name. According to the motion, the complaint was also defective for omitting the approximate date and location of exposure to each particular product. On November 25, 1992, the trial court granted A&M's motion. As a result, the trial court dismissed counts I, II, and III of the complaint and granted Padgett leave to replead.

On February 10, 1993, Padgett filed his first amended complaint. Counts V and VI restated allegations of negligence and willful and wanton conduct. These counts listed the dates and locations where Padgett worked. They also listed the products A&M manufactured or sold. However, counts V and VI did not indicate on which sites those products were used. Both counts indicated that the effect of all the defendants' conduct was "concurrent in the resulting manifestation of the injury of asbestosis in Plaintiff."

In response to this amended complaint, A&M filed another motion to dismiss on March 10, 1993. The trial court granted this motion on June 24, 1993, and dismissed counts V and VI. In ruling on the motion, the court held that Padgett's amended complaint did not state sufficient facts which, if proved, would support a finding that the defendants were concurrently negligent. On its own motion, the court also held that neither count V nor count VI stated a cause of action against A&M. The court's order allowed Padgett the opportunity to replead within 28 days. However, Padgett did not file any further pleadings.

On September 3, 1993, A&M filed a motion to dismiss the cause of action with prejudice. Although Padgett opposed the motion, he elected to stand on his dismissed first amended complaint. During the hearing, the trial judge said that the time for repleading had expired. As a result, he refused to allow Padgett the opportunity to file further pleadings. Consequently, the trial judge entered an order on October 8, 1993, dismissing Padgett's cause of action with prejudice. Pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), the trial court found no just reason to delay enforcement or appeal of the order. Padgett filed a timely notice of appeal on November 5, 1993.

Padgett first argues the trial court erred when it found that the first amended complaint would not support a finding of concurrent negligence against A&M. This issue addresses not whether the complaint stated a cause of action, but whether A&M could be held jointly

and severally liable with other defendants. We conclude that A&M can be held jointly and severally liable.

Even if multiple tortfeasors do not act in concert, they are jointly and severally liable when their negligent acts combine to produce a single, indivisible injury. (*Storen v. City of Chicago* (1940), 373 Ill. 530, 533, 27 N.E.2d 53.) Indivisibility of the resultant injury is the test of jointness. (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 438, 593 N.E.2d 522, 526; *Erickson v. Gilden* (1979), 76 Ill. App. 3d 218, 219, 394 N.E.2d 1076, 1078.) Defendants found liable for asbestos discharges in civil actions are jointly and severally liable for any damages caused by the discharge. Ill. Rev. Stat. 1991, ch. 110, par. 2—1118.

In *Burke*, the plaintiff was injured when a Rothschild's employee ejected him from its premises. Subsequently, several Chicago police officers threw Burke into a police wagon, injuring him again. Burke's injuries left him paralyzed from the neck down. Our supreme court held that both Rothschild's and the City of Chicago were jointly and severally liable for two reasons: (1) because Burke had suffered one indivisible injury; and (2) because the evidence indicated that either or both injuries could have caused Burke's quadriplegia. *Burke*, 148 Ill. 2d at 439, 593 N.E.2d at 526.

The trial court relied in part on *Knox v. Keene Corp.* (1991), 210 Ill. App. 3d 141, 569 N.E.2d 201, in dismissing Padgett's amended complaint. In *Knox*, the court held the plaintiff failed to allege "concurrent negligence" by 24 asbestos sellers and manufacturers. The court said the supreme court's opinion in *Storen* required the plaintiff to allege that certain asbestos products were used together or in conjunction with one another. *Knox*, 210 Ill. App. 3d at 146, 569 N.E.2d at 204.

After reviewing the applicable law, we conclude that *Knox* was incorrectly decided. We can find nothing in the reported decisions of our supreme court mandating that the negligent acts of concurrent tortfeasors must occur simultaneously or in geographic proximity to one another for joint and several liability to attach. The rule expressed in *Storen* and *Burke* only requires allegations that the defendants' acts combined to produce a single indivisible injury in the plaintiff.

■ Here, the amended complaint alleges that the defendants exposed Padgett to their asbestos products at different times and in different locations. It also states that Padgett contracted asbestosis as a result of his exposure to all of the asbestos products. Finally, the complaint alleges that the asbestosis is "concurrent in the resulting manifestation of the injury of asbestosis in Plaintiff." We conclude

that these allegations are sufficient to impose joint and several liability. To the extent our decision is inconsistent with *Knox*, we decline to follow its reasoning.

The second issue is whether the first amended complaint states a cause of action. We decline to address this issue because it has been waived in the trial court.

When a party attacks a pleading for defectiveness, the party must point out in a motion the specific defects of which it complains. (Ill. Rev. Stat. 1991, ch. 110, par. 2—615(a).) The purpose of requiring that defects in pleadings be attacked by motion is to allow the parties to cure them before trial. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422, 430 N.E.2d 976, 983.) The factual insufficiency of a complaint may be waived. (*Rosos Litho Supply Corp. v. Hansen* (1984), 123 Ill. App. 3d 290, 294, 462 N.E.2d 566, 570.) Grounds not specified in a motion cannot be argued on appeal. *Smith v. Chemical Personnel Search, Inc.* (1991), 215 Ill. App. 3d 1078, 1084, 576 N.E.2d 340, 345.

■ Here, A&M filed a section 2—615 motion to dismiss the amended complaint. (Ill. Rev. Stat. 1991, ch. 110, par. 2—615.) In this motion, A&M specifically attacked the complaint for failure to allege the existence of "concurrent negligence" or a pretort agreement necessary for joint and several liability. The motion does not indicate the amended complaint's failure to plead facts sufficient to state a cause of action. The trial court relied in part on *Knox v. Keene Corp.* in dismissing the amended complaint.

Based upon the foregoing, we conclude that the question of the complaint's factual sufficiency was not presented to the trial court in A&M's motion or ruled upon in the court's order of June 24, 1993. Accordingly, the issue is waived and we decline to address it.

For the reasons indicated, the judgment is reversed. We remand the cause to the circuit court of Tazewell County for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER and BRESLIN, JJ., concur.